IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARL JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07 C 1562 |
| OFFICER MARTIN SMITH, SEAN LOUGHRAN, WILLIAM GREENWOOD, CEDRIC CAMPBELL, JOHNETTA WILLIAMS, and CITY OF CHICAGO, | ) ) ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff Earl Johnson brings this lawsuit against five Chicago police officers (Marin Smith, William Greenwood, Cedric Campbell, Johnetta Williams, and Sean Loughran) and the City of Chicago. In his First Amended Complaint, plaintiff alleges that, on August 22, 2004, defendants Smith and Loughran arrested him without probable cause and subjected him to excessive force. Related to that same incident, plaintiff further alleges that all five individual defendants participated in filing false police reports, providing false information to investigating authorities, and testifying falsely before the grand jury and at

plaintiff's criminal trial. Plaintiff was convicted in the criminal proceeding, but, on August 28, 2008, the conviction was reversed on appeal.

On August 21, 2006, plaintiff filed suit in state court naming only Martin and Loughran as defendants. Those defendants removed the case to federal court. Shortly after the criminal conviction was reversed, plaintiff filed the Amended Complaint, adding the additional defendants and two counts. The Amended Complaint contains four counts. Counts I and II, against Martin and Loughran in their individual capacities, are brought pursuant to 42 U.S.C. § 1983 for, respectively, false arrest and excessive force. Count III is also a § 1983 claim and is against all five officers in their individual capacities. Count III alleges the false reports, information, and testimony provided by defendants in the underlying criminal trial violated plaintiff's constitutional right to a fair trial. In response to defendants' motion to dismiss, plaintiff characterizes this claim as a procedural due process claim. Count IV is a state law claim for malicious prosecution against all five individual defendants and, apparently, the City as well. Defendants have moved to dismiss Counts III and IV. Defendants contend Count III fails because there is no due process claim for falsified evidence absent a Brady violation being alleged. See generally Brady v. Maryland, 373 U.S. 83 (1963). Alternatively, defendants contend Count III

is untimely because not brought within two years of when the allegedly false police reports were created. As to Count IV, defendants contend it is untimely because not brought within one year of when the allegedly false police reports were created.

The Amended Complaint does not allege any facts describing the offenses with which plaintiff was charged. There are also no allegations as to what statements in the police reports and testimony were false. Other than the date of the arrest, the names of the officers involved in the arrest, and the names of the officers involved in the falsification of information and testimony, the Amended Complaint contains only conclusory allegations. Defendants concede that the facts alleged in the Amended Complaint are sufficient notice of the claims made and sufficiently set forth a plausible factual basis for the claims. See generally Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007). The only issue, other than the statute of limitations, raised as to Count III is the legal question of whether a due process claim can be based on police officers providing false reports, information, and testimony used at a trial. Defendants contend a claim of this type must be based on a Brady violation in that a criminal defendant was not provided favorable evidence. Plaintiff contends his claim can be

characterized as a Brady violation in that the officers failed to provide favorable information or evidence in the form of disclosing (admitting) the fabrications that occurred.

The Seventh Circuit has held that falsified information or testimony of a law enforcement officer does not constitute a Brady violation that can support a § 1983 civil action for damages.

> . . . Gauger argues that Brady v. Maryland, 373 U.S. 83, 87 (1963), a due process case that entitles criminal defendants to be shown any exculpatory evidence (including evidence usable to impeach a prosecution witness) in the possession of the prosecutors, required the detectives to give truthful versions of Gauger's statements at the interrogation to the prosecutors to be forwarded to his counsel at his criminal trial.
> We find the proposed extension of Brady difficult even to understand. It implies that the state has a duty not merely to disclose but also to create truthful exculpatory evidence. Indeed the duty to disclose falls out, because Gauger knew what he had said at the interrogation. See Buie v. McAdory, 341 F.3d 623, 625-26 (7th Cir. 2003); Fullwood v. Lee, 290 F.3d 663, 685-86 (4th Cir. 2002); West v. Johnson, 92 F.3d 1385, 1399 (5th Cir. 1996); Felker v. Thomas, 52 F.3d 907, 910 (11th Cir. 1995); United States v. Diaz, 922 F.2d 998, 1007 (2d Cir. 1990). The problem was not that evidence useful to him was being concealed; the problem was that the detectives were giving false evidence. Gauger wants to make every false statement by a prosecution witness the basis for a civil rights suit, on the theory that by failing to correct the statement the prosecution deprived the defendant of Brady material, that is, the correction itself.

Gauger v. Hendle, 349 F.3d 354, 360 (7th Cir. 2003), overruled on other grounds, Wallace v. City of Chicago, 440 F.3d 421 (7th Cir. 2006), aff'd sub nom., 549 U.S. 384 (2007). See also Griffin v. City of Chicago, 406 F. Supp. 2d 938, 946-48 (N.D. Ill. 2005); Gomez v. Riccio, 2006 WL 1030196 *2 (N.D. Ill. April 12, 2006).

While the falsification conduct that plaintiff alleges may support a malicious prosecution claim, the Seventh Circuit has held that there is no constitutional claim for malicious prosecution in the present type of situation since Illinois provides a state remedy for malicious prosecution. Newsome v. McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001); Gauger, 349 F.3d at 359; Griffin, 406 F. Supp. 2d at 947. Gauger holds that this rule may not be avoided by mischaracterizing malicious prosecution claims as civil Brady claims. Count III will be dismissed.

As to the Count IV state law malicious prosecution claim, defendants contend it is untimely because a one-year limitation period applies and plaintiff did not file the original complaint until nearly two years after his arrest and did not add this claim (or the additional defendants) until more than four years after his arrest. The malicious prosecution claim, however, did not accrue until the criminal proceeding terminated in plaintiff's favor when the criminal conviction was reversed on

appeal. Ferguson v. City of Chicago, 213 Ill. 2d 94, 820 N.E.2d 455, 459 (2004). Count IV will not be dismissed as untimely.

Although not raised by either side, it should be considered whether it is appropriate to retain supplemental jurisdiction over the state law malicious prosecution claim that includes claims against additional parties. See 28 U.S.C. § 1367. The state law malicious prosecution claim meets the basic requirement of supplemental jurisdiction in that it is part of the same case or controversy as the constitutional false arrest claim. See 28 U.S.C. § 1367(a); Johnson v. Garza, 564 F. Supp. 2d 845, 855 (N.D. Ill. 2008); Abrams v. Walker, 2000 WL 1808527 *2 (N.D. Ill. Dec. 6, 2000). At this point, it does not appear that Count IV involves novel issues of state law or that it will predominate over the federal claims so there is no reason to exercise discretion to decline to retain supplemental jurisdiction. See 28 U.S.C. § 1367(c). Jurisdiction over Count IV will be retained.

Also pending is defendants' motion to extend discovery. At the time of the filing of the Amended Complaint, plaintiff represented that the amendment would not require additional discovery. It is now represented that additional depositions will be necessary and that experts may be retained. Defendants do not identify the possible subjects of the experts' opinions. Nevertheless, an extension will be permitted. All discovery,

including any expert depositions, is to be completed by May 1, 2009. Within two weeks, the parties shall file a deposition schedule showing the date, time, and place of each deposition of a non-expert. Reports of any experts shall be disclosed no later than April 9, 2009.

IT IS THEREFORE ORDERED that defendants' motions to dismiss [42] and for discovery [53] are granted in part and denied in part. Count III of the Amended Complaint is dismissed. Within two weeks defendants shall answer Count IV. Within two weeks, the parties shall file a deposition schedule. All discovery is to be completed by May 1, 2009. Any expert reports shall be disclosed by April 9, 2009. A status hearing will be held on April 16, 2009 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 20, 2009